UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RAJON THOMAS, on behalf of himself and others
similarly situated,

                             Case No. 21-cv-4978

               Plaintiffs,

                             **COMPLAINT AND DEMAND**
      -against-                  **FOR JURY TRIAL**

MALIN+GOETZ, MATTHEW MALIN, ANDREW
GOETZ, and OCTIAVIA ORTIZ,

               Defendants.

-----------------------------------------------------------------X

       Plaintiff Rajon Thomas, by their undersigned counsel, as and for their complaint against

Defendants Malin+Goetz, Matthew Malin, Andrew Goetz and Octiavia Ortiz, allege as follows:

## INTRODUCTION

       1.      This is an employment discrimination action involving race/ethnicity, gender/sex

and HIV+ status commenced pursuant to 42 U.S.C. §1981, 42 U.S.C. § 2000e ("Title VII of the

Civil Rights Act of 1964"), et seq., and 42 U.S.C. §12101 ("ADA"), et seq., as well as New York

State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL") and a

class action for violation of Labor Law.

## PARTIES

       2.      Plaintiff Rajon Thomas is a gay, African American, HIV+ male. He is a resident of

the State of New York and was at all relevant times employed by Malin+Goetz as a store manager.

       3.      Defendant Malin+Goetz is a private cosmetics company with its headquarters at

330 Seventh Ave, Floor 21, New York, New York 1000, and doing business at various location in

the State of New York and other states.

4.      Defendant Mathew Malin is the chief executive officer of Malin+Goetz.

5.      Defendant Andrew Goetz is the owner of Malin+Goetz.

6.       Defendant Octavia Ortiz is a Director of Human Resources at Malin+Goetz.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

8.      Venue is proper in the United States District Court of Southern New York since Defendant is headquartered in New York County and Plaintiff worked in New York.

## FACTS RELEVANT TO ALL CLAIMS

9.      Plaintiff Rajon Thomas is a gay, African-American man who is HIV$^+$.

10.      Plaintiff Rajon Thomas started working for Malin+Goetz in May 2019 as a part-time sales associate.

11.      Plaintiff Rajon Thomas was one of the only African-American employees working for Defendants.

12.      Plaintiff Rajon Thomas was promoted to Store Manager in September of 2019 and assigned to a store with a sales deficit.

13.      At the time, Plaintiff Rajon Thomas was the only African-American Store Manager at Defendant Malin+Goetz.

14.      By the end of 2019, with Plaintiff Rajon Thomas as Store Manager, the store was profitable.

#### New York Labor Law Violation

14.    Plaintiff Rajon Thomas salary began at $18.00 an hour, increased to $22.00 an hour when he was promoted on or about November 4, 2019, and increased again to $25-$26 an hour when he got a merit increase in or about the end of November 2019.

15.    Plaintiff Rajon Thomas was a productive employee despite unacceptable working conditions.

16.    Defendant required Plaintiff Rajon Thomas, and other similarly situated, to work shifts that lasted over 8 hours without providing break time.

17.    When Plaintiff Rajon Thomas was a sales associate at Defendant Malin+Goetz retail location on the upper west side of Manhattan, his regular schedule was 10 a.m. to 8 p.m.

18.    During his 10 hours shifts he was not permitted a meal break or any other breaks.

19.    For example, Plaintiff Rajon Thomas was the only employee scheduled to work at the upper east side location on Sundays from 12:00 p.m. to 8 p.m. Sunday was the busiest sales day and therefore he could not leave the location for a meal break or leave the front of the store to take a break on the premises.

20.    In addition, Plaintiff Rajon Thomas had a sales goal he was required to meet in order to continue employment, which was not possible if he left the location or left the front of the store during his shift.

21.    When Plaintiff Rajon Thomas was promoted to store manager, he was transferred to the upper east side location.

22.    Plaintiff Rajon Thomas was scheduled to work during the hours the location was open from 11 a.m. to 6 p.m.

23.     However, Plaintiff Rajon Thomas was often required to work for 9 to 11 hours in a day.

24.     For example, when there were management meetings on Wednesdays at Defendant Malin+Goetz headquarters, Plaintiff Rajon Thomas worked from 8:00 a.m. to 6 p.m. without a break.

25.     Plaintiff Rajon Thomas was also required to attend trainings for product launches, sales training or product knowledge training at Defendant Malin+Goetz headquarters, Plaintiff Rajon Thomas worked from 8:00 a.m. to 6 p.m. without a break.

26.     In addition, Plaintiff Rajon Thomas worked past 7 p.m. at the upper eastside location and past 8 p.m. at the upper westside location on occasion when the retail locations received product shipments. For example, when Defendant Malin+Goetz launched a new product.

27.     Indeed, Defendants do not adhere to a policy, procedure and practice that permits employees at its retail locations to take any break time when employees work more than four (4) hours in a shift.

28.     Plaintiff Rajon Thomas, and others similarly situated, were often the only employee working at a retail location for an entire shift of more than four (4) hours.

29.     If Plaintiff Rajon Thomas, and others similarly situated, required a break to use the restroom or a meal break, Defendants limited that break to a period of five (5) minutes, which was chronically understaffed.

30.     Defendants provided a sign for Plaintiff Rajon Thomas, and others similarly situated, to place on the door of a retail location indicating that an employee that left the front of the store would return "back in 5 minutes."

31.     However, Plaintiff Rajon Thomas, and others similarly situated, were encouraged not to leave the store because customers frequented the retail locations all day.

32.     The Retail Director for Defendants even monitored employees on security cameras and called them to instruct them to stand up if she saw them sit down in an empty store.

33.     In March 2020, Defendant Malin+Goetz required employees to attend a business conference in Las Vegas, Nevada, during which employees were required to attend eight (8) hours of meetings each day and then attend a mandatory business dinner each evening.

34.     Defendants also not maintain appropriate facilities for employee break time.

35.     Defendant Malin+Goetz's product design and the esthetic of its retail locations is clean, efficient, and contemporary.

36.     To maintain branding, Plaintiff Rajon Thomas, and others similarly situated, were prohibited from eating in the front of the store.

37.     Many of Defendant Malin+Goetz's retail locations do not have employee break rooms, forcing Plaintiff Rajon Thomas, and others similarly situated, to eat in the restroom or in the storeroom, if the employee was able to take any break at all.

38.     In these ways and others, Defendants' policies, procedures and practices deny employees legally required break time.

**Discrimination, Harassment, and Retaliation**

39.     While employed by Defendant Malin+Goetz, Plaintiff Rajon Thomas endured discrimination, harassment, and retaliation based on his race and sexual orientation from his district manager, including commenting on the style of his underwear when Plaintiff Rajon Thomas leaned over to pick up a box, pointedly mentioning on several occasions that his boyfriend is African-American, and disclosing intimate details of his sexual relationship with his boyfriend.

40.     The district managers comments made Plaintiff Rajon Thomas acutely uncomfortable. However, Plaintiff Rajon Thomas knew he must endure this conduct if he wanted to keep his job.

41.     Plaintiff Rajon Thomas was diagnosed as HIV+ in December of 2019, but managed to continue to work full-time, and out-perform other store managers.

42.     In order to accommodate his HIV+ treatment on Fridays and Saturdays, Plaintiff Rajon Thomas requested the Defendants permit him to hire additional staff for his retail location to work when Plaintiff Rajon Thomas was temporarily not available for work due to receiving medical treatment.

43.     Defendant Octiavia Ortiz, an agent of Defendant Malin+Goetz initially refused to respond.

44.     Defendant made several additional requests to Defendant Octiavia Ortiz, the retail direct, and his district manager for this accommodation.

45.     Eventually, Defendants allowed Plaintiff Rajon Thomas to select several candidates for interview and hiring.

46.     Defendants hired one new employee.

47.     Plaintiff Rajon Thomas made additional requests for accommodation, which were not satisfactorily addressed including a request to replace an employee who frequently failed to show up at the beginning of her shift causing Plaintiff Rajon Thomas to miss or reschedule medical treatment.

48.     In March of 2020, Defendant Octiavia Ortiz informed plaintiff Rajon Thomas that he was suspended from work because he was at great a risk of contracting COVID-19 due to his HIV+ status.

49.     This action was discriminatory and retaliatory. It was taken without basis in medicine or science, and, in fact, Plaintiff Rajon Thomas's treating medical providers informed him that it was safe for him to continue working.

50.     Plaintiff Rajon Thomas notified Defendants that his treating medical providers authorized him to work.

51.     Defendants nevertheless insisted that he must not continue working, thus denying him pay and benefits.

52.     No other employees were furloughed at that time.

53.     In or about April 2020, Defendant Malin+Goetz retail locations in New York City were temporarily in accordance with city and state executive orders.

54.     Plaintiff Rajon Thomas remained in contact with his supervisors, managers and coworkers.

55.     On April 21, 2020, Defendants deactivated Plaintiff Rajon Thomas's work email address, and his supervisors stopped contacting him and/or responding to him.

56.     That same day or the next day, Defendant Octiavia Ortiz called Plaintiff Rajon Thomas and sent him a letter stating Defendant Malin+Goetz had commenced and investigation of purported misconduct by Plaintiff Rajon Thomas.

57.     Very shortly thereafter, Defendants notified Plaintiff Rajon Thomas he was terminated from employment because of theft.

58.     Although Defendants purport to have conducted an investigation, Plaintiff Rajon Thomas was never able to respond to the allegations, and he was not asked any questions.

59.     Plaintiff Rajon Thomas has never been notified of what he allegedly stole.

60.     The only logical conclusion is that Plaintiff Rajon Thomas was terminated from employment and his pay was withheld because of his HIV+ status and its complications, as well as his race, gender and sexual preference.

61.     By engaging in the conduct described herein, Malin+Goetz unlawfully and intentionally discriminated and retaliated against Plaintiff Rajon Thomas on the basis of his HIV+ status, race, gender and sexual preference.

62.     As a result, Plaintiff Rajon Thomas has suffered severe anxiety and emotional distress, and was caused depression and post traumatic stress disorder.

63.     He has not filed proceedings involving these unlawful employment practices before any state or local agency charged with the enforcement of employment discrimination law.

**AS AND FOR A**
**FIRST CAUSE OF ACTION – DISCRIMINATION**
(Title VII, 42 U.S.C. § 2000e et seq.)

64.     Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs as if set forth fully herein.

65.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, are employers as defined in Title VII, and at all relevant times herein employed Plaintiff.

66.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, violated Plaintiffs' federally protect rights under Title VII by terminating Plaintiff's employment on the basis of his race, gender, and sexual orientation.

67.     This action is being initiated within 90 days of Plaintiffs' receipt of a Notice of Right to Sue from the EEOC.

68.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiffs' protected rights.

69.     As a result of Defendants' discrimination, Plaintiff has suffered injury to his reputation, career, emotional distress, economic damage and other injury.

70.     As a result of Defendants' unlawful discrimination, Plaintiffs have been damaged and are entitled to injunctive relief, economic damages, compensatory damages, costs, and attorneys' fees and interest.

## AS AND FOR A
## SECOND CAUSE OF ACTION - Retaliation
(Title VII, 42 U.S.C. § 2000e et seq.)

71.     Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs as if set forth fully herein.

72.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, are employers as defined in Title VII, and at all relevant times herein employed Plaintiff.

73.     Title VII of the Civil Rights Act of 1964 prohibits employers from retaliating against employees.

74.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, acted in retaliation when they prevented him from working and denied him his salary.

75.     This action is being initiated within 90 days of Plaintiffs' receipt of a Notice of Right to Sue from the EEOC.

76.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiffs' protected rights.

77.     As a result of Defendants' discrimination, Plaintiffs have suffered injury to their career, emotional distress, economic damage and other injury.

78.     As a result of Defendants' unlawful discrimination, Plaintiffs have been damaged and are entitled to injunctive relief, economic damages, compensatory damages, costs, and attorneys' fees and interest.

## AS AND FOR A THIRD CAUSE OF ACTION
(ADA Discrimination)

79.     Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs as if set forth fully herein.

80.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, are employers as defined in Americans with Disabilities Act, and at all relevant times herein employed Plaintiff.

81.     The American with Disabilities Act prohibits employers from discriminating against employers with disabilities including terminating employment.

82.     The 2010 Equality Act recognized HIV as a disability.

83.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, violated Plaintiffs' federally protected rights under the ADA by terminating Plaintiff's employment on the basis of HIV+ status.

84.     This action is being initiated within 90 days of Plaintiffs' receipt of a Notice of Right to Sue from the EEOC.

85.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiffs' protected rights.

86.     As a result of Defendants' discrimination, Plaintiffs have suffered injury to their career, emotional distress, economic damage and other injury.

10

87.     As a result of Defendants' unlawful discrimination, Plaintiffs have been damaged and are entitled to injunctive relief, economic damages, compensatory damages, costs, and attorneys' fees and interest.

### AS AND FOR A FOURTH CAUSE OF ACTION
(ADA retaliation)

88.     Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs as if set forth fully herein.

89.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, are employers as defined in Americans with Disabilities Act, and at all relevant times herein employed Plaintiff.

90.     The American with Disabilities Act prohibits employers from retaliating against employees with disabilities including by terminating employment.

91.     The 2010 Equality Act recognized HIV as a disability.

92.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz, and Defendant Octiavia Ortiz, violated Plaintiffs' federally protected rights under the ADA by retaliating against him by not allowing him to work and denying him his salary because of his HIV+ status.

93.     This action is being initiated within 90 days of Plaintiffs' receipt of a Notice of Right to Sue from the EEOC.

94.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiffs' protected rights.

95.     As a result of Defendants' discrimination, Plaintiffs have suffered injury to their career, emotional distress, economic damage and other injury.

96.     As a result of Defendants' unlawful discrimination, Plaintiffs have been damaged

and are entitled to injunctive relief, economic damages, compensatory damages, costs, and

attorneys' fees and interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
(ADA Failure to Accommodate)

97.     Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs

as if set forth fully herein.

98.     Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz,

and Defendant Octiavia Ortiz, are employers as defined in Americans with Disabilities Act, and at

all relevant times herein employed Plaintiff.

99.     The American with Disabilities Act prohibits employers from discriminating

against employers based on his disability status unless that disability cannot be reasonably

accommodated.

100.    The 2010 Equality Act recognized HIV as a disability.

101.    Defendant Malin+Goetz, Defendant Matthew Malin, Defendant Andrew Goetz,

and Defendant Octiavia Ortiz, violated Plaintiffs' federally protected rights under the ADA by

failing to adequately staff Plaintiff's location so that he could attend treatment for his HIV and by

singling Plaintiff out for furlough and ultimate dismissal from employment instead of taking

adequate steps to accommodate Plaintiff's condition so that he could continue to work through the

COVID pandemic.

102.    This action is being initiated within 90 days of Plaintiffs' receipt of a Notice of

Right to Sue from the EEOC.

103.    Defendants' conduct was intentional, malicious and in reckless disregard of

Plaintiffs' protected rights.

104.    As a result of Defendants' discrimination, Plaintiffs have suffered injury to their career, emotional distress, economic damage and other injury.

105.    As a result of Defendants' unlawful discrimination, Plaintiffs have been damaged and are entitled to injunctive relief, economic damages, compensatory damages, costs, and attorneys' fees and interest.

## AS AND FOR A SIXTH CAUSE OF ACTION
(42 U.S.C § 1981)

106.    Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs as if set forth fully herein.

107.    Plaintiffs are members of a protected class who have been subject to discrimination and discriminatory practices as set forth above that has deprived them of their protected right to enjoy all benefits, privileges, terms and conditions of their contractual employment relationship based upon their race.

108.    Defendants' interference with Plaintiffs' rights is intentional, malicious and in reckless disregard of Plaintiffs' protected rights.

109.    As a result of Defendants' discrimination, Plaintiffs have suffered injury to their career, emotional distress, economic damage and other injury.

110.    As a result of Defendants' unlawful discrimination, Plaintiffs have been damaged and are entitled to injunctive relief, economic damages, compensatory damages, costs, and attorneys' fees and interest.

## AS AND FOR SEVENTH CAUSE OF ACTION
(New York City Human Rights Law)

111.    Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs as if set forth fully herein.

13

112.    Plaintiffs are aggrieved persons under New York City Administrative Code § 8-102(a).

113.    At all times relevant to this Complaint, Defendants MALIN + GOETZ, MATTHEW MALIN, ANDREW GOETZ, and OCTIAVIA ORTIZ were "employers" within the meaning of New York Administrative Code § 8-102, employing at least four persons.

114.    At all relevant times herein, Defendants discriminated against Plaintiffs in the terms, conditions or privileges of employment as set forth above on the basis of sex/gender, race/ethnicity and HIV+ status.

115.    As a result of Defendants' discrimination against Plaintiffs, Plaintiffs have suffered economic and emotional distress injuries.

116.    By reason of the foregoing, Plaintiffs have been damaged and are entitled to injunctive relief, economic damages, compensatory damages, costs, and attorneys' fees and interest.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(New York State Executive Law)

117.    Plaintiffs repeat and reallege the allegations in each and all of the above paragraphs as if set forth fully herein.

118.    Defendants MALIN + GOETZ, MATTHEW MALIN, ANDREW GOETZ, and OCTIAVIA ORTIZ violated § 296(3)(a) of the New York State Executive Law, which requires an interactive and individualized accommodations process. This violation occurred when Defendant refused Plaintiff's request to adequately staff Plaintiff's location so that he could attend treatment for his HIV and by failing to engage with Plaintiff's request to continue working through the COVID pandemic and singling Plaintiff out for furlough and ultimate dismissal from employment

instead of taking adequate steps to accommodate Plaintiff's condition so that he could continue to work through the COVID pandemic.

119.    At all relevant times herein, Defendants discriminated against Plaintiffs in the terms, conditions or privileges of employment as set forth above on the basis of sex/gender, race/ethnicity and HIV+ status.

120.    As a result of Defendants' discrimination against Plaintiffs, Plaintiffs have suffered economic and emotional distress injuries.

121.    By reason of the foregoing, Plaintiffs have been damaged and are entitled to injunctive relief, economic damages, compensatory damages, costs, and attorneys' fees and interest.

## AS AND FOR AN NINTH CAUSE OF ACTION
(New York State Labor Law)

122.    Pursuant to New York Labor Law §§ 198 and 663, defendants are liable to plaintiff in the amount of compensation they were entitled by Labor Law §§ 650 *et seq.* and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, to receive but were, in fact, not paid, by defendants failing to pay plaintiff the required daily spread-of-hours compensation, for each day they worked more than ten hours, plus liquidated damages equal to 100 percent of the total amount of the wages found to be due.

## AS AND FOR AN TENTH CAUSE OF ACTION
(New York State Labor Law)

123.    Pursuant to New York Labor Law §§ 198 and 663, defendants are liable to plaintiff in the amount of compensation they were entitled by Labor Law §§ 650 *et seq.* and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, to receive due to the

failure of defendants to provide or pay for meal and rest time as mandated by New York Labor Law § 162.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered:

1.     Enjoining Defendants from maintaining a discriminatory system for making decisions about hiring, promotion and compensation, and other employment decisions that is excessively subjective and through which it intentionally discriminates against minority employees, gay and transgender employees and HIV+ employees.

2.     Ordering that Plaintiff be immediately promoted to a position equal to the promotion that they were denied.

3.     Awarding Plaintiffs all lost pay and benefits.

4.     Awarding Plaintiffs any and all additional statutory damages available under the law.

5.     Awarding Plaintiff emotional distress damages in a sum no less than $500,000.

6.     Awarding Plaintiff a sum no less than $500,000 because of loss of reputation.

7.     Awarding Plaintiffs costs and attorneys' fees.

8.     Granting such other and further relief as is just and equitable.

**JURY DEMAND**

Plaintiffs hereby demand a jury trial.


Dated:  June 4, 2021
            New York, New York


                                    ADVOCATES FOR JUSTICE,
                                    CHARTERED ATTORNEYS
                                    Attorneys for Plaintiffs


                                    By: /s/ *Laine A. Armstrong*
                                    Laine A. Armstrong
                                    225 Broadway, Suite 1902
                                    New York, New York 10007
                                    (212) 285-1400
                                    laine@advocatesny.com


17